**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| FRASERSIDE IP L.L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>MARK FARAGALLA and MINA FARAGALLA d/b/a<br>www.PornVisit.com, and John Does 1-100 and John Doe Companies 1-100,<br><br>    Defendants. | No. C11-3032-MWB<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

_____

Plaintiff asserts a variety of copyright and trademark infringement claims against defendants concerning its adult motion pictures shown on defendants' internet websites. Having obtained an entry of default against defendants, plaintiff now requests that I enter a default judgment against defendants.

## *I. INTRODUCTION AND BACKGROUND*

### *A. Procedural Background*

On July 10, 2011, plaintiff Fraserside IP L.L.C. ("Fraserside") filed a complaint against Mark Faragalla, Mina Faragalla, John Does, and John Doe Companies, alleging the following causes of action: copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; contributory copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; vicarious copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; inducing copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*;

false designation of origin, in violation of 15 U.S.C. § 1125(a); and, dilution of trademark, in violation of 15 U.S.C. § 1125(c).

On July 31, 2011, Fraserside served a copy of the summons and complaint upon Milad Faragalla, a person of suitable age, at the Faragallas' residence in Beaumont, California.  Also on July 31, 2011, a copy of the summons, complaint, and Civil Servicepacket was mailed to the Faragallas' home address.  The Faragallas did not file an answer or any responsive pleading to the complaint.  On August 30, 2011, Fraserside filed a Motion for Clerks Entry of Default.  On August 30, 2011, the Clerk of Court entered the Faragallas' default.  On October 21, 2011, Fraserside filed a Motion For Default Judgment (docket no. 10).  The Faragallas have not filed any response to Fraserside's Motion for Default Judgment.

## II.  LEGAL ANALYSIS

### A.  *Entry Of Default And Default Judgment*

Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> **Rule 55.  Default**
>     **(a) Entry**.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>     **(b) Judgment**.  Judgment by default may be entered as follows:
>         **(1) By the Clerk**.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if

2

> the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>    **(2) By the Court**. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.
>    **(c) Setting Aside Default**. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

FED. R. CIV. P. 55(a)-(c). In *Hayek v. Big Brothers/Big Sisters of America*, 198 F.R.D. 518 (N.D. Iowa 2001), this court summarized the mechanics under Rule 55 for obtaining the entry of default and default judgment, as well as the method for setting aside a default or default judgment, as follows:

> Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040,

> 1042 (8th Cir. 2000) (citing *Johnson* for this requirement). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n. 2 (8th Cir. 1997). Moreover, "'a default judgment cannot be entered until the amount of damages has been ascertained.'" *Hagen*, 205 F.3d at 1042 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)). Thus, if the judgment sought is not for a sum certain, Rule 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment." Fed. R. Civ. P. 55(b)(2). In short, as this court has explained, Rule 55 "requires two steps before entry of a default judgment: first, pursuant to Fed. R. Civ. P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed. R. Civ. P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995).

*Hayak*, 198 F.R.D. at 520.

### B. Is Entry Of Default Judgment Appropriate?

The Clerk of Court has entered a default against the Faragallas pursuant to Rule 55(a), completing the first step in the two-step process toward default judgment. *See id*. Thus, the questions presented by the pending motion are whether I should now take the second step, and enter default judgment pursuant to Rule 55(b)(2). *See id*. The second step of the process, pursuant to Rule 55(b)(2), requires that the moving party make a

second application, this time to the court for default judgment. By virtue of the default, the Faragallas are deemed to have admitted to the truth of the well-pleaded allegations of the complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993); *United States v. Di Mucci*, 829 F.2d 1488, 1497 (7th Cir. 1989); *Dundee Cement Co.*, 722 F.2d at 1323; *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). However, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158; *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc), *cert. denied*, 464 U.S. 818 (1983); *Flaks*, 504 F.2d at 707.

Despite the wording of Rule 55, a hearing on a motion for default judgment is not required. 10A CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE, § 2688 (3d ed. 1998). No hearing on substantive issues is necessary if evidence sufficient to justify a default judgment is already before the court. *See Dundee Cement Co.*, 722 F.2d at 1323; *United States v. Forma*, 784 F. Supp. 1132, 1141 (S.D.N.Y. 1992); *Southern Gen. Ins. Co. v. O'Keefe*, 275 F. Supp. 107, 109 (D. Md. 1967). According to Wright and Miller, the court's inquiry should proceed as follows:

> In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it. Among these [factors] are . . . whether material issues of fact . . . are at issue; . . . and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have . . . Finally, the court may consider whether it later would be obliged to set aside the default on defendant's motion . . . .

10A CHARLES ALAN WRIGHT *ET AL.*, *supra* at § 2685.

As discussed above, the grounds for default are clearly established. However, substantive material issues of fact alleged in the complaint appear to be at issue, namely Fraserside's damages. A copyright owner may elect either actual or statutory damages under 17 U.S.C. § 504. On its copyright infringement claim only, Fraserside seeks statutory damages. Where statutory damages are elected, a court may, in its discretion, award between $750 and $30,000 for each act of infringement. 17 U.S.C. § 504(c)(1). If the court finds the infringement to have been willful, the court has the discretion to increase the maximum to $150,000 for each act of infringement. 17 U.S.C. § 540(c)(2). Conversely, if the infringer proves he had no reason to believe his acts constituted copyright infringement, the court may reduce the award to no less than $200 for each act of infringement. *Id.* Courts have wide discretion in determining the amount of statutory damages to be awarded, "constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). Here, Fraserside has alleged the Faragallas' copyright violations were all willful and is seeking $150,000 in statutory damages for each infringement of its 20 works, for a total of $3,000,000. Fraserside, however, is also seeking to be awarded the Faragallas' domain name, www.PornVisit.com, and an additional monetary award for each of its remaining causes of action, to be determined following an evidentiary hearing. The Eighth Circuit Court of Appeals has directed that "'a default judgment cannot be entered until the amount of damages has been ascertained.'" *Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993));*see also American Red Cross v. Community Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001) ("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or

proceeding." (quoting *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001) (internal quotation marks omitted))). Fraserside must prove its actual damages by a preponderance of the evidence. *See Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001). "Once the amount of damages has been established, the court may enter judgment pursuant to the rule." *Stephenson v. El–Batrawi,* 524 F.3d 907, 916 (8th Cir. 2008). Thus, as to step two of the process for entry of a default judgment against the Faragallas, *see, e.g., Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995), I will set a hearing to determine whether, and in what amount, default judgment should be entered in this case. *See* FED. R. CIV. P. 55(b)(2); *Hagen*, 205 F.3d at 1042 (quoting *Enron Oil Corp.*, 10 F.3d at 97.

Therefore, ruling is **reserved** on Fraserside's Motion For Default Judgment Against the Faragallas. A hearing on Fraserside's Motion For Default Judgment against the Faragallas shall be held on **Friday, February 10, 2012, at 3:00 p.m.,** at the Federal Courthouse in Sioux City, Iowa.

**IT IS SO ORDERED.**

**DATED** this 17th day of January, 2012.

*(signature)*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA